**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| QUIRKY, INC. and BEN KAUFMAN,<br><br>      Plaintiffs,<br><br>      v.<br><br>DAVISON DESIGN & DEVELOPMENT, INC.<br><br>      Defendant. | CIVIL ACTION No.: 2:12-cv-00262-JFC<br><br>JUDGE JOY FLOWERS CONTI |

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

**1.**  **Identification of counsel and unrepresented parties.**

<u>Counsel for Quirky, Inc. and Ben Kaufman ("Plaintiffs")</u>

Mark A. Willard, Esq. (mwillard@eckertseamans.com)
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone: (412) 566-6000
Facsimile: (412) 566-6099

Eric J. Shimanoff, Esq. (ejs@cll.com)
Cowan, Liebowitz & Latman, PC
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 790-9200
Facsimile: (212) 575-0671

<u>Counsel for Davison Design & Development, Inc. ("Defendant")</u>

James R. Kyper, Esq. (james.kyper@klgates.com)
Eliza K. Hall, Esq. (eliza.hall@klgates.com)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue

      Pittsburgh, Pennsylvania 15222
      Telephone:  (412) 355-6500
      Facsimile:  (412) 355-6501

**2.**     **Set forth the general nature of the case**:

Plaintiffs Quirky, Inc. and Ben Kaufman bring this action against Defendant for trademark infringement, false designation of origin and false endorsement Lanham Act of 1946, as amended, 15 U.S.C. § 1501 *et seq*., unfair competition and trademark infringement under Pennsylvania common law and invasion of the right to privacy under N.Y. Civil Rights Law §§50-51, all based on Defendant's alleged purchase and use of Quirky's "QUIRKY" trademark and Kaufman's personal name "BEN KAUFMAN" as keywords on various Internet search engines to trigger sponsored Internet ads with hyperlinks to Defendant's website that offers services that compete with those offered by Plaintiffs.  Defendant has moved to dismiss the action for failure to state a claim.

**3.**     **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

The parties conducted the Rule 26(f) Conference by email and teleconference communications beginning in late May and ending on June 18, 2012 at 3 p.m. EDT. Eric J. Shimanoff attended on behalf of Plaintiffs.  James R. Kyper and Eliza Hall attended on behalf of Defendant.

**4.**     **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

The Court has scheduled the Rule 16 Initial Scheduling Conference for Monday, August 27, 2012 at 4:30 p.m. EDT.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   The Defendant filed a Rule 12(b)(6) Motion to Dismiss the Complaint on May 10, 2012.  Plaintiffs' Brief in Response was filed on June 14, 2012.  Defendant filed a motion for leave to file a reply brief, together with a copy of its reply brief, on June 22, 2012.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   The parties have agreed to non-binding mediation as the ADR process for this matter.  Subject to the Court's approval and the designated mediator's availability, the parties would like to conclude the mediation 60 days from the Court's ruling on Defendant's Rule 12(b)(6) Motion to Dismiss.  The Stipulation Selecting ADR Process has been filed concurrently herewith.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

   The parties have agreed to provide the disclosures required under Fed. R. Civ. P. 26(a) within 10 days after the Court's ruling on Defendant's Rule 12(b)(6) Motion to Dismiss the Complaint is entered.

8. **Subjects on which fact discovery may be needed.**

At this time, Plaintiffs anticipate seeking discovery pertaining to the following topics:

- The nature of Defendant's business and goods and service;
- The promotion, marketing, channels of trade, target audience, class of consumers, advertising, sale and offer for sale of/for Defendant's goods and services;
- Defendant's purchase and use of "QUIRKY," "QUIRKY.COM" and "BEN KAUFMAN," and any terms similar thereto, as keywords on various Internet search engines to trigger sponsored Internet ads for Defendant and its services, including without limitation any profits attributable thereto;
- Instances of actual confusion between the parties;
- Instances of actual diversion to Defendant of consumers interested in Plaintiffs' services; and
- Other relevant topics.

At this time, Defendant anticipates seeking discovery pertaining to the following topics:

- The nature of Plaintiff Quirky's business and goods and services;
- The facts and nature of Plaintiff Ben Kaufman's use of his name as a trade mark or service mark, his promotional activities and media coverage, and the recognition and good will in his name as alleged in the Complaint;
- The factual basis supporting Plaintiffs' claims, if any, for monetary damages and equitable relief;
- The facts pertaining to each cause of action, if any, that survive Defendant's motion to dismiss, including all facts pertinent to Plaintiffs' allegations that Defendant's alleged activities have caused a likelihood of or actual confusion under the trade mark and unfair competition laws alleged in the Complaint;
- The Plaintiffs' purchase and use of "QUIRKY," "QUIRKY.COM" and "BEN KAUFMAN," and any other words, as keywords for advertising services offered by various internet search engines to trigger sponsored internet ads for Plaintiffs and their services, including all communications and contacts between Plaintiffs and internet search engines regarding key word advertising; and
- Plaintiffs' search engine optimization actions with regarding to the QUIRKY.COM web site and any other web sites or web pages related thereto.

9. **Set forth suggested dates for the following**:

   a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

10 days after the Court's ruling on Defendant's Motion to Dismiss the Complaint is entered.

    **b.**    **Date by which any additional parties shall be joined:**

60 days after the Court's ruling on Defendant's Motion to Dismiss the Complaint is entered.

    **c.**    **Date by which the pleadings shall be amended:**

60 days after the Court's ruling on Defendant's Motion to Dismiss the Complaint is entered.

    **d.**    **Date by which fact discovery should be completed:**

150 days after the Court's ruling on Defendant's Motion to Dismiss the Complaint is entered.

    **e – k.**  **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

See Paragraph 12.

**10.**    **If the parties agree that changes should be made to the limitations on discovery imposed by Local or the Federal Rules of Civil Procedure Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

The parties agree that no changes are needed to the limitations on discovery imposed by Local or the Federal Rules of Civil Procedure.

**11.    Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration.  In particular, answer the following questions:**

   a.    ESI.  Is either party seeking the discovery of ESI in this case?
   ☒ Yes  ☐ No

   If disputed, identify the nature of the dispute:  Not applicable.

   b.    Metadata:  Will any metadata be relevant in this case?
   ☐ Yes  ☒ No

   The parties do not currently believe that metadata will be relevant to this matter.  However, the parties agreed to make reasonable efforts to preserve metadata in the event that they decide to revisit the production of metadata later in the discovery phase.

   If disputed, identify the nature of the dispute:  Not applicable

   c.    Format.  Have the parties agreed on the format(s) for production of ESI?
   ☒ Yes  ☐ No

   As a general matter, the parties have agreed to produce ESI in single page Tagged Image File Format ("TIFF"), with an accompanying load file, which shall facilitate the use of the produced images by a document management or litigation support system.

   Should either side require any document(s) to be produced in another format, the parties will meet and confer in good faith and attempt to resolve the matter.

For ease of reference, the parties agree to identify documents with appropriate document control (*e.g.* Bates) numbers.

If no, what disputes remain outstanding:  not applicable

d. Clawback Agreement.  Will the parties be using the Form Inadvertent Production Provision of LCvR 16.1.D?
☒ Yes   ☐ No

If no, will an alternative provision be proposed? ☐ Yes (Please attach)   ☐ No

e. Search terms.  Have the parties agreed on any protocol for review of electronic data?
☒ Yes   ☐ No

If no, please identify what issues remain outstanding:  not applicable.

To the extent that the parties employ any search terms to identify any ESI that they produce in response to discovery requests, the parties agree to preserve such terms and to produce them if requested.

f. Accessibility.  Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B)?
☐ Yes   ☒ No

If no, please identify the nature of the dispute:  None at this time.

g. Preservation.  Are there any unresolved issues pertaining to the preservation of ESI?

None at this time.

h. Other.  Identify all outstanding issues or disputes concerning ESI

None at this time.

**12.	Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:**

The parties agree that a Post-Discovery Status Conference should be held following the completion of Fact Discovery and prior to Expert Discovery. The parties will develop the Expert Discovery schedule at the post-Fact Discovery conference.

**13.	Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

The parties have discussed the need for the entry of a Protective Order to govern the production, use and destruction of documents and things, and agree it is necessary in this case. Plaintiffs have agreed to prepare a draft Protective Order, which will incorporate the Form of Inadvertent Production Provision of LCvR 16.1.D, for Defendant's review.

**14.	Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

The parties do not believe that a special master is or will be needed for this case.

**15.	If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

The parties are in agreement with all dates listed in this report.

**16.	Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

The parties have discussed settlement proposals but have not been able to resolve their differences as of the date hereof.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| /s/Mark A. Willard<br>Mark A. Willard  PA I.D. No. 18103<br>mwillard@eckertseamans.com<br>Audrey K. Kwak  PA I.D. No. 200527<br>akwak@eckertseamans.com<br>ECKERT, SEAMANS, CHERIN & MELLOTT LLC<br>600 Grant Street<br>44th Floor<br>Pittsburgh, Pennsylvania 15219<br>Tel:  (412) 566-6000 | /s/James R. Kyper<br>James R. Kyper  PA I.D. No. 23099<br>james.kyper@klgates.com<br>Eliza Hall  PA I.D. No. 205508<br>eliza.hall@klgates.com<br>K&L GATES LLP<br>K&L Gates Center<br>210 Sixth Avenue<br>Pittsburgh, Pennsylvania 15222<br>Tel: (412) 355-6500<br>Fax: (412) 355-6501 |
| Eric J. Shimanoff (*pro hac vice*)<br>ejs@cll.com<br>Cowan Liebowitz & Latman, P.C.<br>1133 Avenue of the Americas<br>New York, NY  10036-6799<br>Tel:  (212) 790-9200 | *Counsel for Defendant Davison Design & Development, Inc.*<br><br>Dated June 22, 2012 |
| *Counsel for Plaintiffs, Quirky, Inc. and Ben Kaufman* | |

Dated:  June 22, 2012